# EXHIBIT 1

FILED
01-24-2019
Clerk of Circuit Court
Cindy R. Hamre Incha
2019CV000036

STATE OF WISCONSIN :   CIRCUIT COURT   :   JEFFERSON COUNTY

BANK OF LAKE MILLS
136 East Madison Street
Lake Mills, WI 53551,

        Plaintiff,

  v.

FREEDOM STORES, INC.,
a Delaware corporation
1150 E. Little Creek Road
Norfolk, VA 23518

MILITARY CREDIT SERVICES, LLC,
a Virginia limited liability company,
1150 E. Little Creek Road
Norfolk, VA 23518

JOHN F. MELLEY,
1756 Templeton Lane
Virginia Beach, VA 23454-3059

LEONARD B. MELLEY
18 Elkton Drive
Pinehurst, NC 28374,

        Defendants.

Case No.

Code No(s). 30303 (Other Contracts)

## SUMMONS

THE STATE OF WISCONSIN,

To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.  Within 20 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The Court may

reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Jefferson County Circuit Court, 311 S. Center Avenue, Jefferson, Wisconsin 53549, and to Plaintiff's attorneys, John L. Kirtley and Charles A. Gordon, Godfrey & Kahn, S.C., 833 E. Michigan Street, Suite 1800, Milwaukee, Wisconsin 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within 20 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 24th day of January, 2019.

                                                    GODFREY & KAHN, S.C.

                                                    By: *Electronically signed by Charles A. Gordon*
                                                         Charles A. Gordon
                                                         State Bar No. 1086536
                                                         John L. Kirtley
                                                         State Bar No. 1011577

                                                      *Attorneys for Plaintiff Bank of Lake Mills*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
cgordon@gklaw.com
jkirtley@gklaw.com
20089825.1

2

FILED
01-24-2019
Clerk of Circuit Court
Cindy R. Hamre Incha
2019CV000036

| STATE OF WISCONSIN | : | CIRCUIT COURT | : | JEFFERSON COUNTY |

BANK OF LAKE MILLS
136 East Madison Street
Lake Mills, WI 53551,

        Plaintiff,

v.

FREEDOM STORES, INC.,
a Delaware corporation,
1150 E. Little Creek Road
Norfolk, VA 23518,

MILITARY CREDIT SERVICES, LLC,
a Virginia limited liability company,
1150 E. Little Creek Road
Norfolk, VA 23518

JOHN F. MELLEY,
1756 Templeton Lane
Virginia Beach, VA 23454-3059, and

LEONARD B. MELLEY,
18 Elkton Drive
Pinehurst, NC 28374,

        Defendants.

Case No.

Code No(s). 30303 (Other Contracts)

# COMPLAINT

Plaintiff Bank of Lake Mills ("BLM"), through its attorneys, Godfrey & Kahn, S.C., as and for its Complaint against Defendants Freedom Stores, Inc. ("Freedom"), Military Credit Services, LLC ("MCS"), John F. Melley ("John Melley"), and Leonard B. Melley ("Leonard Melley"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action by BLM for breach of contract arising out of Freedom's and MCS's deceptive marketing of loans and services and failure to comply with applicable law in connection with loans originated by the bank. Their failure to perform under the parties' agreement triggered guarantee obligations of the companies' owners, John and Leonard Melley, who have failed to honor those obligations.

## PARTIES

2. Plaintiff Bank of Lake Mills is a Wisconsin state-chartered bank whose principal place of business is located at 136 East Madison Street, Lake Mills, Wisconsin, 53551.

3. Upon information and belief, Defendant Freedom Stores, Inc. is a Delaware corporation with its principal place of business located at 1150 East Little Creek Road, Norfolk, Virginia 23518. On or about August 15, 2017, Freedom was dissolved. However, under 8 Del. C. § 278, Freedom "shall be continued, for the term of 3 years from such . . . dissolution . . . for the purpose of prosecuting and defending suits."

4. Upon information and belief, Defendant Military Credit Services, LLC is a Virginia limited liability company with its principal place of business located at 1150 East Little Creek Road, Norfolk, Virginia 23518.

5. Upon information and belief, Defendant John F. Melley is an adult resident of the state of Virginia residing at 1756 Templeton Lane, Virginia Beach, Virginia 23454. At all times relevant to this Complaint, John Melley was an owner of both Freedom and MCS, the vice president and chief operating officer of Freedom, and the president and chief executive officer of MCS.

6. Upon information and belief, Defendant Leonard B. Melley is an adult resident of the state of North Carolina residing at 18 Elkton Drive, Pinehurst, North Carolina 28374. At all

2

times relevant to this Complaint, Leonard Melley was an owner of both Freedom and MCS, the president and chief executive officer of Freedom, and the chief operating officer of MCS.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) as jurisdiction is conferred on the Court by the Constitution and Statutes of the State of Wisconsin.

8. This Court has personal jurisdiction over the Defendants pursuant to Wis. Stat. §§ 801.05(1)(d) and 801.05(5)(a) and (b). This Court also has personal jurisdiction over Defendants John and Leonard Melley because they consented to this Court's jurisdiction over their persons under Section 8 of that certain Guaranty Agreement entered into between the parties.

9. Venue is proper in this County pursuant to Wis. Stat. § 801.50(2)(a), (c), and (d).

## FACTUAL BACKGROUND

10. Organized in 1893, BLM is a Wisconsin state-chartered bank that has been in the business of providing banking and financial services to its customers for 125 years. Among other serves, BLM originates closed-end consumer installment loans.

11. John and Leonard Melley owned and operated Freedom, a nationwide retailer of consumer goods and electronics that sold its products both online and at retail stores, primarily targeting current and former members of the United States military and their families. Freedom financed its customers' retail purchases through retail-installment contracts.

12. On or about August 14, 2013, BLM and Freedom entered into a certain Loan Program Agreement (the "Program Agreement"), which BLM and Freedom amended and restated several times, including on February 15, 2015, March 25, 2015, and May 14, 2015. Under the Program Agreement, BLM and Freedom agreed that BLM would originate closed-end

3

installment loans to Freedom's retail customers, and that Freedom would market the loans to its retail customers and service any loans originated under the Program Agreement (the "Program").

13. Freedom subcontracted certain services under the Program Agreement to its affiliates, including MCS, which was also owned and operated by John and Leonard Melley. MCS performed certain marketing, processing, and other services, including operating an internet website through which consumers could obtain closed-end consumer loans under the Program.

14. Under the March 25, 2015 amendment, MCS became a party to the Program Agreement, effective as of August 14, 2013. The amendment also provided that Freedom had full responsibility for the acts and omissions of MCS and any other third-party entities hired or retained by Freedom to perform services under the Program Agreement.

15. Concurrent with the execution of the Program Agreement, on August 14, 2013, BLM entered into two separate Guarantee Agreements (each, a "Guarantee Agreement") with John and Leonard Melley, in which John and Leonard Melley each personally guaranteed the full and prompt payment and performance of Freedom under the Program Agreement.

16. John and Leonard Melley also both signed the March 25, 2015 amendment to the Program Agreement, acknowledging and agreeing to its terms and further acknowledging and agreeing that MCS was deemed an obligor for purposes of the Guaranty Agreements. John and Leonard Melley thereby personally guaranteed the full and prompt payment and performance of MCS under the Program Agreement.

17. Further, as guarantors, John and Leonard Melley were also responsible and contractually obligated to ensure Freedom and MCS complied with all applicable laws and regulations in performing under the Program Agreement.

4

18. Pursuant to Section 4 of the Program Agreement, Freedom and MCS agreed that they would ensure that all "documents, terms, and procedures" ("Consumer Documents") to be used by BLM in the Program would "comply with all Applicable Laws."

19. Pursuant to Section 5(a) of the Program Agreement, Freedom and MCS agreed that they would "at all times comply with the federal Equal Credit Opportunity Act ["ECOA"] and its implementing Regulation B." Under Section 5(b), Freedom and MCS further agreed to deliver, in accordance with ECOA time limits, adverse action notices on behalf of BLM to Program applicants who did not meet BLM's minimum credit standards or were otherwise denied credit.

20. Pursuant to Section 7(b)(6) of the Program Agreement, Freedom and MCS represented and warranted that their performance of the Program Agreement would "compl[y] in all material respects with all Applicable Laws."

21. The Program Agreement also provided for the sale of additional products and services ("add-on products") to customers for whom BLM originated loans under the Program. Specifically, Section 2(b) required Freedom and MCS to offer customers an optional debt waiver product ("Debt Waiver Product") during loan originations, for which customers were to have the option of paying in a single lump sum or in monthly installments.

22. Section 8(a) of the Program Agreement gave Freedom and MCS the right to offer other add-on products to customers, "provided, however, that in the event that [Freedom or MCS] uses Bank's name and/or Proprietary Materials in connection with such offerings, [Freedom and MCS] shall obtain Bank's prior approval for such use."

23. During the negotiations of the Program Agreement, no add-on products other than the Debt Waiver Product were discussed among BLM and Freedom.

5

24. Through the course of an examination by the Federal Deposit Insurance Corporation ("FDIC"), BLM became aware of certain violations in the statutory disclosures Freedom and MCS provided to consumers obtaining loans under the Program and subject to the Program Agreement.

## COUNT I
## BREACH OF CONTRACT
### (Against Freedom and MCS)

25. BLM re-alleges and incorporates by references paragraphs 1 through 24 as if fully stated herein

26. From August 14, 2013 to September 11, 2015, Freedom and MCS provided loan origination services to BLM under the Program Agreement.

27. In originating and servicing loans under the Program Agreement, Freedom and MCS engaged in practices that violated the Federal Trade Commission Act, including the following violations (the "FTCA Violations"):

    a. Freedom and MCS promoted and sold some loans as interest-free for six months. Freedom advertised these loans as originated by BLM, however, BLM offered no interest-free loans under the Program Agreement. Further, certain borrowers who paid off their loans within six months did not receive a refund of interest.

    b. Freedom and MCS failed to verbally disclose to consumers the annual percentage rates for loans offered over the phone.

    c. Freedom and MCS failed to fully disclose the terms of add-on products sold to consumers.

    d. Freedom sold to customers duplicate memberships with certain add-on products, including the United Motor Club ("UMC") and the Freedom Value Club

6

("FVC"). In addition, some UMC memberships were registered with BLM listed as the selling agency when, in fact, BLM never sold UMC memberships.

  e. Freedom and MCS advertised and sold the UMC and FVC add-on products to consumers using BLM's name and funding the memberships with the loan proceeds from BLM. However, Freedom and MCS failed to obtain BLM's prior consent to sell the UMC and FVC memberships under BLM's name, as required by Section 8(a) of the Program Agreement.

  f. Freedom did not allow customers the opportunity to pay for the purchase of optional debt cancellation coverage for loans through monthly premium payments rather than a lump sum payment, despite that the contract language afforded customers the option of purchasing this product through monthly installment payments. Further, Freedom underpaid refunds due to customers who paid off or refinanced loans within thirty (30) days.

28. In originating and servicing loans under the Program Agreement, Freedom and MCS also failed to provide BLM borrowers obtaining loans under the Program the proper disclosures required by the Truth in Lending Act and its implementing Regulation Z, including the following violations (the "TILA Violations"):

  a. Freedom and MCS promoted credit terms that were not actually offered, including telephone scripts informing customers of 18-month interest-free financing available through BLM and advertisements informing customers of loans with zero (0) percent annual percentage rates.

7

  b. The scripts used by Freedom and MCS representatives when discussing potential loans through BLM with customers did not prompt the representative to state the required annual percentage rate.

  c. Freedom's and MCS's internet pages advertising credit financing through BLM for United States military, government, and civil service personnel failed to disclose the terms of payment.

29. In originating and servicing loans under the Program Agreement, Freedom and MCS also failed to provide BLM borrowers obtaining loans under the Program the proper disclosures required by the Equal Credit Opportunity Act and its implementing Regulation B, including the following violations (the "ECOA Violations"):

  a. Freedom failed on behalf of BLM to send adverse actions to Program applicants who did not meet BLM's minimum credit standards or who were otherwise denied credit.

  b. The adverse action notices sent by MCS on behalf of BLM failed to make proper and compliant disclosures regarding BLM's regulatory agency.

30. As a result of the FTCA, TILA, and ECOA Violations, the FDIC took adverse action against BLM, Freedom, and MCS. In resolution of the proceedings, each entered into consent agreements with the FDIC, and were required to make restitution and pay civil penalties.

31. The FTCA, TILA and ECOA Violations by Freedom and MCS constitute breaches of the Program Agreement.

32. As a result of Freedom and MCS's breaches, BLM was subject to adverse action by the FDIC. On May 10, 2017, the FDIC issued an order for restitution requiring BLM to make restitution to consumers injured by Freedom and MCS. BLM was forced to expend significant

8

amounts of money in responding to the FDIC's action, mitigating the damage caused by Freedom and MCS, and making restitution. Freedom and MCS also caused significant harm to BLM's reputation and a loss of good will.

33. Pursuant to Section 12(b) of the Program Agreement, Freedom was required to indemnify BLM for any damages resulting from the FTCA, TILA, and ECOA Violations by Freedom and MCS. This indemnity includes an obligation to pay BLM's actual reasonable attorneys' fees and costs. Freedom breached the Program Agreement by failing to honor this indemnity by failing to pay BLM all fees and costs incurred by it as a result of Freedom's and MCS's FTCA, TILA, and ECOA Violations.

34. BLM made a demand for indemnification on Freedom under Section 12(b) of the Program Agreement. However, Freedom failed to honor this indemnity. Instead, on August 15, 2017, John and Leonard Melley dissolved Freedom.

35. As a result of Freedom's and MCS's breaches, BLM has been damaged in an amount to be determined at trial, but not less than $2,424,978.00.

## COUNT II
## BREACH OF CONTRACT
### (Against John Melley and Leonard Melley)

36. BLM re-alleges and reincorporates by reference paragraphs 1-35 as if fully stated herein.

37. In consideration and as further security for BLM's agreement to enter into and fund loans under the Program Agreement, John and Leonard Melley each executed a Guaranty Agreement.

38. By the terms of the Guaranty Agreements, John and Leonard Melley agreed to guarantee "the full and prompt payment and performance . . . of any and all obligations of

9

[Freedom and MCS] under the [Program Agreement], and under any other agreement, document or instrument executed in connection therewith by [Freedom and MCS]."

39. By the terms of the Guaranty Agreements, John and Leonard Melley additionally agreed to pay all fees incurred by BLM in enforcing the Guaranty Agreements and in enforcing BLM's rights under the Program Agreement.

40. As alleged herein, Freedom and MCS failed to fully perform under the Program Agreement by committing the FTCA, TILA, and ECOA Violations and by failing to indemnify BLM from and against its losses resulting from these Violations.

41. John and Leonard Melley have breached the Guaranty Agreements by failing to honor the Guaranty Agreements by failing to ensure Freedom and MCS fully performed under the Program Agreement and by failing to pay BLM all of its losses arising from Freedom's and MCS's failure to perform under the Program Agreement.

42. As a result of John and Leonard Melley's breaches, BLM has been damaged in an amount to be determined at trial, but not less than $2,424,978.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bank of Lake Mills requests that this Court grant judgment against Defendants Freedom Stores, Inc., Military Credit Services, LLC, John F. Melley, and Leonard B. Melley, jointly and severally as follows:

(a) Awarding of judgment for damages in an amount to be determined at trial, but not less than $2,424,978.00, together with pre-judgment interest;

(b) Awarding of statutory and contractual costs and reasonable attorneys' fees incurred in bringing this action and in remedying the Violations in an amount to be determined by the Court after a trial on the merits of BLM's claims; and

(c)     Awarding of such other relief as the Court may deem just and equitable.

Dated this 24th day of January, 2019.

                          GODFREY & KAHN, S.C.

                          By: *Electronically signed by Charles A. Gordon*
                              John L. Kirtley
                              State Bar No. 1011577
                              Charles A. Gordon
                              State Bar No. 1086536

                        *Attorneys for Plaintiff Bank of Lake Mills*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
jkirtley@gklaw.com
cgordon@gklaw.com

11